STATE of Indiana ex rel. Thomas
M. PEMBERTON, Relator,

v.

The PORTER SUPERIOR COURT NO.
4 and the Honorable David L. Chidester, as Judge thereof, Respondents.

No. 64S00–0907–OR–335.

Supreme Court of Indiana.

Sept. 4, 2009.

*PERMANENT WRIT OF MANDAMUS
AND PROHIBITION*

Relator filed a petition for writ of mandamus and prohibition under the rules governing original actions. He alleges that Respondents have exceeded their jurisdiction and failed to act when under a duty to act by denying Relator's "Verified Motion to Enforce Disqualification of the Court." Respondents have filed a response and a brief opposing issuance of the writ.

Each Justice has had an opportunity to review the petition, the accompanying application papers, the response, and the brief opposing issuance of the writ. The Court has met in conference and discussed Relator's request for relief, and all five Justices have voted to grant the writ.

On January 15, 2009, the Honorable David L. Chidester, Judge of the Porter Superior Court No. 4, issued a general order disqualifying himself from hearing any cases in which attorney Timothy Vojslavek appeared for a party. The general order directed the clerk to determine those cases in which Vojslavek has appeared and transmit them to Porter Superior Court No. 3; the order also directed the clerk to prepare a docket entry for each such case reflecting that Judge Chidester "disqualifies and recuses himself" from the case. (R. 9.) After Vojslavek entered an appearance for Relator, one chronological case summary ("CCS") entry form filed on May 29, 2009, shows Relator's case, *State of Indiana v. Thomas M. Pemberton,* No. 64D04–0905–CM–5163, transferred from Superior Court No. 4 to Superior Court No. 3, pursuant to the general order; a second CCS entry form filed that date shows language about the transfer stricken. (R. 1, 3.)

On June 1, 2009, Judge Chidester entered an order determining that Relator's case would remain in Superior Court Division 4. On the same day, he issued a second general order, which rescinded his first general order, stated that any case in which Vojslavek appeared and that had been transferred pursuant to the first general order shall remain in Superior Court No. 3, and provided that any case not transferred shall remain in Superior Court No. 4. On June 3, 2009, Judge Chidester denied Relator's request to apply the earlier disqualification to his case.

This Court approves the second general order and agrees with Judge Chidester's argument that a general order of disqualification is no longer necessary. Nevertheless, Relator is entitled to a writ because the second general order has only *prospective* effect from the date it was issued, June 1, 2009. It does not allow Respondents to exercise jurisdiction over Relator's case, which was transferred or at least should have been transferred on May 29, 2009, pursuant to the first general order, which provided for disqualification.

Accordingly, Respondents, the Porter Superior Court No. 4 and Judge Chidester are directed immediately to transfer Relator's case to Superior Court No. 3, as indicated on the first CCS entry form for May 29, 2009, and to vacate all orders entered in the Porter Superior Court after May 29, 2009. Motions to reconsider or

petitions for rehearing are not allowed. Ind. Original Action Rule 5(C).

All Justices concur.